UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GLENN S. RHODES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-01967-JPH-CSW |
| | ) |
| MICHELLE MILLER-(RHODES), | ) |
| DANIAL CRAIG Judge, | ) |
| J. WADE PADGETT, | ) |
| POSSIBLY OTHERS TO BE NAMED, | ) |
| | ) |
| Defendants. | ) |

**ORDER TRANSFERRING CASE TO THE SOUTHERN
DISTRICT OF GEORGIA, AUGUSTA DIVISION**

Plaintiff Glenn Rhodes brought this case alleging that a Georgia state-court judge has ordered foreclosure of a home that Mr. Rhodes purchased with his VA benefits. Dkt. 1. He seeks a temporary restraining order and preliminary injunction enjoining the disbursement of funds from the foreclosure sale, arguing that the "Georgia courts have taken actions that violate federal law," including VA loan protections. Dkt. 3; dkt. 4.

While Mr. Rhodes resides in the Southern District of Indiana, the defendants are Georgia citizens; the house that is the subject of his complaint is in Evans, Georgia; and the state-court foreclosure action is in Columbia County, Georgia. Dkt. 1 at 3–4. Columbia County is in the Southern District of Georgia, Augusta Division. *See* 28 U.S.C. § 90(c)(1).

Under the federal venue statute, "[a] civil action may be brought in":

1

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Subsections (1) and (3) do not support venue in this district because at least one defendant resides in Georgia, allowing venue in Georgia federal court under 28 U.S.C. § 1391(b)(1). *See* dkt. 1 at 3. And subsection (2) does not apply here because "a substantial portion of the events" giving rise to Mr. Rhodes's claim did not occur in Indiana. *See Honest Abe Roofing Franchise, Inc. v. Lesjon Holdings, LLC*, 705 F. Supp. 3d 872, 881–82 (S.D. Ind. 2023). This case therefore must be dismissed or transferred. *Id.*; 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

Here, in the interests of justice, the **Clerk is directed to transfer** this case to the United States District Court for the Southern District of Georgia, Augusta Division. *See* 28 U.S.C. § 1406(a); 28 U.S.C. § 90(c)(1). Because of the pending motions for injunctive relief, the Court will order this transfer immediately. The pending motions will remain pending for disposition in the

Southern District of Georgia.  The clerk is **directed to terminate** the pending motions on this docket.

**SO ORDERED**.

Date: 10/2/2025

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

GLENN S. RHODES
3109 Heritage Heights Way
Jeffersonville, IN 47130