IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| GLENN S. RHODES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 125-232 |
| | * | |
| MICHELLE MILLER-(RHODES), et al., | * | |
| | * | |
| Defendants. | * | |

**O R D E R**

Before the Court are Plaintiff's motion for temporary restraining order ("TRO") (Doc. 3), motion for preliminary injunction (Doc. 4), motion to vacate transfer (Doc. 23), and motion to stay proceedings (Doc. 24); Defendant Padgett's motion to dismiss (Doc. 19); and Defendant Craig's motion to dismiss (Doc. 22). For the following reasons, Plaintiff's motions are **DENIED,** and Defendants Padgett and Craig's motions to dismiss are **GRANTED.**

**I. BACKGROUND**

Plaintiff brings claims related to alleged constitutional violations and unlawful deprivation of federally protected Veterans Affairs ("VA") home loan benefits, military retirement pay, and VA disability benefits. (Doc. 1, at 21-22.) Plaintiff and Defendant Miller-(Rhodes) had divorce proceedings before

Defendant Craig. (Id. at 4.) Plaintiff alleges Defendant Craig issued a final decree "falsely implying adultery without any legal evidence." (Id.) Plaintiff claims Defendant Miller-(Rhodes) filed a "concealed PT-61 deed" in January 2024 "to remove Plaintiff from the VA home title." (Id. at 2; Doc. 3, at 2.) Plaintiff claims "[c]ourts unlawfully awarded the home and equity to [Defendant Miller-(Rhodes)] and that he "faces imminent foreclosure of his VA-backed home on October 7, 2025, due to Georgia's misapplication of federal law." (Doc. 1, at 2.) Plaintiff also alleges "Georgia courts acted without subject matter jurisdiction or personal jurisdiction by awarding Plaintiff's federally protected military retirement, VA disability, and VA-financed home without the required federal approvals." (Id. at 6.) Plaintiff alleges Defendant Padgett issued a final order "to create the false appearance of proper judicial process and to shield Judge Craig from liability." (Id. at 12.) Plaintiff also alleges Defendants Padgett and Craig, who both served as judges of the Superior Court of Georgia during the allegations, "conspired to deprive the plaintiff of his state and federal [rights]." (Id. at 5.) Plaintiff states "[n]either Judge Craig's prior rulings nor Judge Padgett's newly discovered 'final order' cite or comply with any legislative authority, statutory requirement, or federal mandate." (Id. at 18.) Finally, Plaintiff claims there was a "pattern of judicial obstruction and collusion

2

in Plaintiff's cases, where judges, clerks, and opposing parties collectively deprived him of fair notice, impartial proceedings, and lawful adjudication of claims." (Id. at 14.) In support, Plaintiff attaches various orders issued by Defendants Padgett and Craig. (Doc. 1-1, at 27-29, 40-44, 46-51, 83-85, 89-90, 92-93, 100-102, 140-142, 154-155.)

On September 26, 2025, Plaintiff filed a complaint (the "Complaint"), motion for TRO, and motion for preliminary injunction in the Southern District of Indiana. (Docs. 1, 3, 4.) On October 2, 2025, Judge Hanlon transferred the case to the Court for lack of venue. (Doc. 13.) On October 27, 2025, Defendant Padgett filed a motion to dismiss. (Doc. 19.) On November 5, 2025, Defendant Craig filed a motion to dismiss. (Doc. 22.) On December 2, 2025, Plaintiff filed a motion to vacate transfer order and to restore original federal jurisdiction. (Doc. 23.) On January 6, 2026, Plaintiff filed a motion to stay proceedings. (Doc. 24.)

## II. DISCUSSION

The Court first addresses Defendants Padgett and Craig's motions to dismiss and then considers Plaintiff's motions.

### A. Motions to Dismiss

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v.

3

Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). The Court need not accept the pleading's legal conclusions as true, only its well-pleaded facts. Id. at 677-80. Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citation omitted).

4

Defendants Padgett and Craig both argue Plaintiff's claims should be dismissed because they are barred by (1) absolute judicial immunity; (2) *Younger* abstention and the *Rooker-Feldman* doctrine; (3) the domestic-relations exception to federal jurisdiction; and (4) the Eleventh Amendment, sovereign immunity, and § 1983. (Doc. 19-1, at 2-7; Doc. 22-1, at 2-7.) First, Defendants Padgett and Craig argue Plaintiff's claims fail under judicial immunity. (Doc. 19-1, at 2; Doc. 22-1, at 2.)

Judges "are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity." Williams v. Alabama, 425 F. App'x 824, 826 (11th Cir. 2011) (quoting Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000)). That absolute judicial immunity "applies even when [a] judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Bolin, 225 F.3d at 1239.

> Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

Williams, 425 F. App'x at 826 (citations and quotations omitted).

Defendant Padgett argues Plaintiff's claims against him relate to his rulings during Plaintiff's post-divorce proceedings, and Defendant Craig argues Plaintiff's claims against him relate

to his rulings during Plaintiff's divorce and ancillary proceedings. (Doc. 19-1, at 2; Doc. 22-1, at 2.) Further, Defendants Padgett and Craig argue the acts challenged are functions normally performed by a judge and occurred in the course of proceedings before them in their judicial capacities. (Doc. 19-1, at 3; Doc. 22-1, at 3.) Defendants Padgett and Craig argue they acted in their judicial capacity "because the Superior Courts in Georgia . . . have jurisdiction in divorce and contempt proceedings and in matters in equity." (Doc. 19-1, at 3; Doc. 22-1, at 3.) Thus, Defendants Padgett and Craig argue the claims against them should be dismissed because this case concerns acts taken in a judicial capacity. (Doc. 19-1, at 3; Doc. 22-1, at 3.)

Here, Plaintiff's Complaint alleges actions and rulings made by Defendants Padgett and Craig in their judicial capacity during Plaintiff's divorce and post-divorce proceedings. (Doc. 1, at 3-19.) Defendant Craig issued a final judgment and decree of total divorce, and Defendants Padgett and Craig ruled on various motions arising out of Plaintiff's divorce proceedings. (Doc. 1-1, at 46-51, 100-102, 108, 154-155, 157-159.) As judges on the Superior Court, Defendants Padgett and Craig's judicial functions include making rulings in divorce proceedings as alleged in Plaintiff's Complaint. See Ga. Const. art. 6, § 4, ¶ I (Georgia's Constitution vests in the superior courts "exclusive jurisdiction over . . . divorce cases.") The Court finds all of these actions to be normal

6

judicial functions in a case pending before the judge. Therefore, absolute judicial immunity applies to all challenged conduct by Defendants Padgett and Craig. Consequently, Plaintiff's claims against Defendants Padgett and Craig fail. The Court **DISMISSES** Plaintiff's claims against Defendants Padgett and Craig on this ground and refrains from analyzing their remaining arguments for dismissal.

## B. Plaintiff's Motions

Plaintiff filed a motion for TRO (Doc. 3), motion for preliminary injunction (Doc. 4), motion to vacate transfer (Doc. 23), and motion to stay proceedings (Doc. 24). Plaintiff filed his motions for TRO and preliminary injunction to prevent the alleged foreclosure and distribution of the sale proceeds, which he stated was to take place on October 7, 2025. (Doc. 3, at 3; Doc. 4, at 3.) Based on the foreclosure date and without subsequent notice from Plaintiff, the Court finds the foreclosure has already taken place. As such, Plaintiff's motions for TRO and for preliminary injunction are **DENIED AS MOOT**. See Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189 (11th Cir. 2011) ("[A]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.") The Court next considers Plaintiff's motion to vacate transfer and then Plaintiff's motion to stay proceedings.

7

1. <u>Motion to Vacate Transfer</u>

Plaintiff requests the Court vacate the transfer order and restore federal jurisdiction to the Southern District of Indiana. (Doc. 23, at 1.)  Plaintiff originally filed suit in the Southern District of Indiana, and the action was transferred to the Court for lack of venue.  (<u>Id.</u> at 2; Doc. 13, at 2.)  Plaintiff argues there is a statutory defect in the transfer because the Court has recharacterized a federal claim as a state law "foreclosure" claim during the transfer to a different federal district.  (Doc. 23, at 2-3.)

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly."  <u>Armbuster v. Rosenbloom</u>, No. 1:15-CV-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted); <u>see also</u> <u>Spellman v. Haley</u>, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling.").  Because it "is not an appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through — rightly or wrongly."  <u>Armbuster</u>, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted).  It is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration."  <u>Gougler v. Sirius Prods., Inc.</u>, 370 F. Supp. 2d

8

1185, 1189 (S.D. Ala. 2005) (citation omitted); <u>see also</u> <u>Am. Home</u> <u>Assurance Co. v. Glenn Estess & Assocs., Inc.</u>, 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"). Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." <u>Burger King Corp. v. Ashland Equities, Inc.</u>, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). And, ultimately, "the decision to grant a motion for reconsideration 'is committed to the sound discretion of the district judge.'" <u>Townsend v. Gray</u>, 505 F. App'x 916, 917 (11th Cir. 2013) (quoting <u>Region 8 Forest</u> <u>Serv. Timber Purchasers Council v. Alcock</u>, 993 F.2d 800, 806 (11th Cir. 1993)).

A court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59 or 60. <u>Brown v. Synovus Fin. Corp.</u>, 783 F. App'x 923, 931 (11th Cir. 2019) (citation omitted). Generally, "if a motion is filed within twenty-eight days of judgment, the motion should be analyzed under Rule 59 framework." <u>Brown v. Spells</u>, No. 7:11-cv-91, 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); <u>accord</u> <u>Mahone v. Ray</u>, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003) (analyzing Rule 59 under former ten-day deadline). However, this is not the only distinction between the two rules. "Rule 59(e) applies to motions for reconsideration of matters that are encompassed in a decision on the merits of the dispute," while

9

Rule 60 applies to motions for reconsideration of matters "collateral to the merits." Brown, 783 F. App'x at 931 (citing Finch v. City of Vernon, 845 F.2d 256, 258 (11th Cir. 1988)). Plaintiff filed his motion for reconsideration more than twenty-eight days after the transfer order; thus, reconsideration will be analyzed under Rule 60(b). (Doc. 23.)

Rule 60 (b) provides that a Court may relieve a party from judgment in a limited number of circumstances including: (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) if the judgment is void; or (5) if the judgment has been satisfied. FED. R. CIV. P. 60(b)(1)-(5). The catchall provision of Rule 60(b) authorizes relief from judgment based on "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Relief under Rule 60(b)(6) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citation omitted).

Here, Plaintiff's arguments do not justify relief under Rule 60(b). FED. R. CIV. P. 60(b). Plaintiff points to no new evidence or reason that justifies relief. Plaintiff's baseless claim that the Court has recharacterized a federal claim as a state law foreclosure claim during the transfer and caused a statutory defect without supporting facts does not justify vacating the transfer order. (Doc. 23, at 3.) Further, this action was transferred to

10

the Court due to lack of venue as Defendants are Georgia citizens; the house at issue is in Evans, Georgia; and the state-court divorce actions are in Columbia County, Georgia. (Doc. 13, at 2.) Also, Plaintiff's motion to vacate asks both the Court and the Southern District of Indiana to vacate the transfer order. (Doc. 23, at 1-2.) Given the Southern District of Indiana issued the transfer order, the Court refrains from considering a motion to vacate an order from another court. (See Doc. 13.) Thus, Plaintiff's motion to vacate is **DENIED**.

2. Motion to Stay Proceedings

Plaintiff also requests the Court stay all proceedings pending resolution of "jurisdictional and posture defects created by the transfer." (Doc. 24, at 2.) Plaintiff states, after dismissing the appeal, the Seventh Circuit "did not adjudicate the legality of the transfer, did not validate the foreclosure recharacterization, and did not confer jurisdiction on this Court by default." (Id. at 4.) Plaintiff again argues his "federal claims were recharacterized as a state-law foreclosure action at the time of transfer without jurisdictional analysis, findings, or conclusions establishing that such conversion was lawful." (Id. at 3.) Plaintiff argues "[a] stay is therefore necessary to prevent jurisdictional contamination and to preserve the integrity of the record." (Id. at 4)

The power to stay a proceeding is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). A district court therefore has broad discretionary authority in determining whether a stay is appropriate. CTI-Container Leasing Corp. v. Uiterwyk Corp., 685 F.2d 1284, 1288 (11th Cir. 1982); see also Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997) ("[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them.").

On December 18, 2025, the Seventh Circuit dismissed Plaintiff's appeal for lack of jurisdiction. Rhodes v. Miller-Rhodes et al, No. 25-2831, Dkt. No. 13 (7th Cir. 2025). As such, Plaintiff's case in the Seventh Circuit is no longer pending. Id.; see Rhodes v. Miller-(Rhodes) et al, No. 1:25-cv-01967, Dkt. No. 29 (S.D. Ind. Jan. 23, 2026). Because the Seventh Circuit dismissed Plaintiff's case for lack of jurisdiction, the Court finds no reason to stay proceedings. Accordingly, Plaintiff's motion to stay proceedings is **DENIED**.

## B. Remaining Parties

After the Court granted Defendants Padgett and Craig's motions to dismiss, Defendant Miller-(Rhodes) remains the sole Defendant to this action. However, Plaintiff's Complaint fails to specify as to which Defendant(s) each claim is asserted against

12

among the following claims for relief: (1) 42 U.S.C. § 1983 (Due Process & Equal Protection); (2) Supremacy Clause/Federal Preemption; (3) Quiet Title; (4) Restore VA Loan Protections; (5) Remove Defendant Miller's Fraudulent Claim; (6) Declaratory & Injunctive Relief; and (7) Damages. (Doc. 1, at 21-22.) As a result, it is unclear which claims remain as to Defendant Miller-(Rhodes). Thus, the Court finds Plaintiff's Complaint fails to give Defendant Miller-(Rhodes) "adequate notice of the claims against [her] and the grounds upon which each claim rests." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015) (citation omitted). Instead of dismissing Plaintiff's Complaint *sua sponte*[1] at this time, the Court grants Plaintiff an opportunity to file an amended complaint within fourteen days of this Order. Further, Plaintiff should eliminate extraneous material and ensure it is clear which factual allegations and claims he previously asserted apply to Defendant Miller-(Rhodes).

Also, there is no indication that Defendant Miller-(Rhodes) has been served with process. See FED. R. CIV. P. 4(m) (providing

---

[1] The Eleventh Circuit specifically prohibits a *sua sponte* dismissal in the following circumstances: "(1) the defendant had not filed an answer and, thus, the plaintiff still had a right under Fed. R. Civ. P. 15(a) to amend the complaint; (2) the plaintiff's claim was brought in good faith and was not vexatious or patently frivolous; and (3) the district court had provided the plaintiff with neither notice of its intent to dismiss the complaint nor an opportunity to respond." Danow v. Borack, 197 F. App'x 853, 856 (11th Cir. 2006) (citing Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc., 695 F.2d 524 (11th Cir. 1983)).

that the court must dismiss the action without prejudice or order service be made within a specified time if plaintiff fails to serve a defendant within 90 days after filing a complaint). Defendant Miller-(Rhodes) has not appeared or answered in this action. As such, the Court **ORDERS** Plaintiff to file an amended complaint and proof of service within thirty days of filing his amended complaint.

### III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendant Padgett and Defendant Craig's motions to dismiss (Docs. 19, 22) are **GRANTED.** Plaintiff's motions for TRO and for preliminary injunction are **DENIED AS MOOT** and motions to vacate and stay proceedings are **DENIED.** (Docs. 3, 4, 23, 24.) The Clerk **SHALL TERMINATE** Defendants Padgett and Craig as Parties to this action. Lastly, the Court **ORDERS** Plaintiff to file an amended complaint within **FOURTEEN (14) DAYS** of the date of entry of this Order. Plaintiff shall serve Defendant Miller-(Rhodes) and file proof of service within **THIRTY (30) DAYS** of filing his amended complaint. If Plaintiff fails to properly serve Defendant Miller-(Rhodes) or timely file proof of service, the Court will close this case for want of prosecution.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of March, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA