IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

GLENN S. RHODES,                         )
                                         )
      Plaintiff,                       )
                                         )
      v.                               )          CV 125-232
                                         )
MICHELLE MILLER - (RHODES), et al.,      )
                                         )
      Defendants.                      )

_____

**O R D E R**

_____

Plaintiff commenced the above-captioned case in the United States District Court for the Southern District of Indiana, and United States District Judge James Patrick Hanlon transferred the case to the Southern District of Georgia in an Order dated October 2, 2025. (See doc. nos. 1, 13.)  Because Plaintiff is proceeding *pro* se, the Court provided him with basic instructions regarding the development and progression of this case. (Doc. no. 18.)  The Court explained Plaintiff is responsible for serving each Defendant in accordance with Federal Rule of Civil Procedure 4 and directed the Clerk of Court to attach a copy of Rule 4 to the October 6, 2026 Order so that Plaintiff could determine the appropriate method of service for each Defendant.  (Id. at 2.)

On March 26, 2026, United States District Judge J. Randal Hall granted two defense motions to dismiss, denied four motions by Plaintiff, ordered Plaintiff to file an amended complaint within fourteen days, and directed him to file proof of service on the remaining Defendant Miller- (Rhodes) within thirty days of filing the amended complaint.  (See doc. no. 26.)  Plaintiff filed an amended complaint on April 14, 2026, (doc. no. 27), but he did not file

any proof of service. After expiration of the thirty days permitted for service, Plaintiff filed a "Motion for Issuance of Summons on Amended Complaint and for Clarification of Case Status," in which he explains he filed the amended complaint but he "is unable to effectuate service under Rule 4" because the Clerk's Office has not issued summons or otherwise indicated why no summons have been issued. (Doc. no. 29.)

Under Fed. R. Civ. P. 4(b), "the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." Here, Plaintiff does not assert he presented a summons to the Clerk for issuance when he filed the amended complaint. Rather, he appears to assert the Clerk's failure to issue a summons he did not present has prevented him from complying with Judge Hall's Order. (Doc. no. 29, p. 2; see also doc. no. 27, pp. 46-47 (referencing request for issuance of summons with no proposed summons attached).) Notably, the docket reflects Plaintiff is aware of how to submit a summons to the Clerk, as he did so when he first filed the case in the United States District Court for the Southern District of Indiana. (See doc. no. 1-3, p. 2 (indicating summons submitted to Clerk); doc. no. 2 (summons issued).) Plaintiff has attached a proposed summons to the instant motion, but it is not the standard summons form and lists Statesboro, rather than Augusta, as the Division in which the case is proceeding. (Id. at 5.)

The Court provided Plaintiff instructions about service requirements, including a copy of Rule 4. (See doc. no. 18.) Rule 4 describes service by summons, as well as a procedure for waving personal service. Under Rule 4(b), a plaintiff alerts the Clerk of Court of the desire for issuance of a summons by presenting the same for signature and seal. The docket does not reflect Plaintiff did so when filing the amended complaint but instead asked the Clerk to issue

a summons without having presented the requisite documentation. Nor does he explain he requested Defendant Miller- (Rhodes) waive service.

As set forth in Rule 4, Plaintiff does not need an order from the Court to obtain a summons, but he does need to comply with the requirements of Rule 4(b). The docket does not reflect that he has done so, and the proposed summons attached to the instant motion is not in proper form. Although the deadline set by Judge Hall for service of the amended complaint has expired, in an abundance of caution, the Court will provide twenty-one days from the date of this Order for Plaintiff to file proof of service of the amended complaint. The Court reminds Plaintiff that additional information for litigants proceeding without an attorney, including relevant forms to utilize for effecting service, may be found on the Court's website at www.gasd.uscourts.gov, under the tab "Filing Without an Attorney."

In sum, the Court **DENIES** without **PREJUDICE** the motion for issuance of a summons. (Doc. no. 29-1.) Plaintiff should follow the requirements of Fed. R. Civ. P. 4(b), to include presentation of a "properly completed" summons, if he wants the Clerk to issue him a summons to serve the amended complaint. As the Court has now explained the procedural posture of the case and extended the deadline twenty-one days from the date of this Order to file proof of service as required by Judge Hall's March 26, 2026 Order, the request for clarification of case status is **MOOT**. (Doc. no. 29-2.)

SO ORDERED this 22nd day of May, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3